Aron Steuer, J.
By this petition the beneficiary of a trust seeks to have the corpus of the trust transferred to her. The beneficiary is the settlor’s daughter. The trust instrument provides generally that after attaining her majority the entire net income of the trust be paid to her monthly until she attains the *872 age of 35 when the principal is to be paid her and the trust terminated. The instrument contains two provisions that are applicable to this petition:
'‘ Fifth : That the ‘ Trustee ’ will hold and invest all monies so received and collected as a trust fund, and to pay over the net income from the said trust fund and so much of the principal thereof as the ‘ Trustee ’ in his uncontrolled and absolute discretion, may deem advisable in monthly installments to mAry Elizabeth andersen, the daughter of the ‘ Settlor ’ during her lifetime.
‘ ‘ Sixth : That it shall be obligatory upon the ‘ Trustee ’ to apply the income of the trust herein created and so much of the principal thereof, in his absolute and uncontrolled discretion to the education, maintenance and support of the Settlor’s daughter, mary Elizabeth andersen ”.
The seventh paragraph provides for the payment of the unexpended portion of the principal to the beneficiary upon her attaining the age of 35 and further provides that no assignment by way of anticipation by the beneficiary shall be valid.
The beneficiary is presently 26 years old. She is employed, and earns about $3,000 a year. She claims that she needs $4,000 a year to live as her father would have liked her. The trust amounts to about $11,000 and yields an income of about $350 a year and it costs $90 a year to maintain it. The trustee does not oppose the petition (nor do the remaindermen). His acquiescence is based upon the small size of the trust making the expense of operating it an undue proportion of the income. He would justify the request to pay over the entire principal upon requests of the beneficiary for payments from principal extending back for four years. He has denied those requests because he entertained some doubt as to his power to comply with them.
The settlor is now dead. When the instrument is read in its entirety his intent is quite clear. He meant the trust to maintain and support his daughter in a certain station, and to that purpose the income and, if necessary, the principal were to be devoted. But the station and the amount of money necessary to maintain it are matters for the discretion and judgment of the trustee and no one else including the court.
The reasons advanced by the beneficiary and the trustee find no support in the instrument. Discretion to terminate the trust because it is uneconomic is not given to the trustee nor is the power to make payments from principal at this time because he might properly have made them in the past. He is *873 empowered and it is his duty to make such payments from principal currently as will in his discretion carry out the intent of the settlor and the purposes of the trust instrument.
The petition also requests that the trustee account. There is no difficulty on this score as the trustee has merely been withholding his account pending the determination of this application.
The petition is denied and the trustee is instructed as above.